Steven Walter **SCHOEPP, individually and as friend, de facto parent and on behalf of Tyler Jonathan Schoepp a minor, Plaintiff–Appellant,**

v.

**COUNTY OF SANTA BARBARA, a political subdivision of the State of California acting through its Department of Social Services/Child Welfare Services; Laticia Alvarez; Mariane Reagan; Robert Brems; Carol Wigereid; Suzy Maraboto; Lisa Gardea; Manfred Schoepp; Janet Taylor–Schoepp; Stephen Shane Stark; Toni Lorien; David McDermott; Thomas W. Sneddon; Liza Fritz, Defendants–Appellees.**

No. 04–56939.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2006 *.

Filed Dec. 20, 2006.

Jerome Zamos, Esq., Woodland Hills, CA, for Plaintiff–Appellant.

Stephen D. Underwood, Esq., Office of the County Counsel, Santa Barbara, CA, Michael L. Trope, Esq., Trope & Trope, Los Angeles, CA, for Defendants–Appellees.

Before: PREGERSON, SILVERMAN, and TALLMAN, Circuit Judges.

MEMORANDUM **

Plaintiff–Appellant Walter Schoepp timely appeals the dismissal with prejudice of his federal lawsuit challenging a state court juvenile dependency proceeding. In state court, Schoepp unsuccessfully sought custody of his nephew, a minor. Rather, the state court declared the nephew a dependent child of the court. Schoepp now claims the district court should have allowed his suit alleging violation of his constitutional rights in the dependency pro-

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

646

ceedings. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

 Schoepp's constitutional claims founder on the merits.[1] The only plausible basis for relief articulated by Schoepp is a violation of the Due Process Clause of the Fourteenth Amendment. The state courts, however, permitted Schoepp to participate fully in the dependency hearing, after which he could appeal the decision to the California Court of Appeal. Upon review of the relative interests of Schoepp and the County of Santa Barbara, as well as the procedures afforded under state law, we conclude he was accorded due process. *See Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Gibson v. Merced County Dep't of Human Res.,* 799 F.2d 582, 588 (9th Cir.1986).

**AFFIRMED.**

1. While Schoepp's interest in his relationship with his nephew is not equal to that of a parent or guardian, his role as the nephew's lawful primary caretaker prior to the state proceedings gave him an interest that is substantial enough to confer standing for most of his constitutional claims. *Cf. Moore v. City of East Cleveland,* 431 U.S. 494, 504, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977) (recognizing a limited liberty interest for a grandmother seeking to continue living with her grandchildren); *Smith v. Org. of Foster Families for Equal. & Reform,* 431 U.S. 816, 841 n. 44, 97 S.Ct. 2094, 53 L.Ed.2d 14 (1977) (finding standing where foster parents had "sufficient attributes of guardianship" such that their views on the children's rights should be heard). To whatever extent Schoepp asserts a violation of his nephew's Fourth Amendment rights by the County, we dismiss for lack of standing. *See Mabe v. San Bernardino County Dep't of Pub. Soc. Servs.,* 237 F.3d 1101, 1111 (9th Cir.2001); *Wallis v. Spencer,* 202 F.3d 1126, 1137 n. 8 (9th Cir.2000).